IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | CR. NO. 2:12cr53-WHA |
| | ) | |
| WILLIAM WASH GARDNER, JR., | ) | |
| GARDNER ADRIAN COLE | ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #46), recommending that the Defendants' Motions to Suppress be denied, together with Defendants' Objections thereto (Doc. #48, #51).

The facts of this case are fully set out in the Magistrate Judge's Report and Recommendation. In summary, the Motion to Suppress concerns evidence obtained as a result of a traffic stop, a canine search, and subsequent search of a truck bed and passenger compartment.

The Magistrate Judge held an evidentiary hearing on the Motion to Suppress, and thereafter entered his report and recommendation. In accordance with the law of this Circuit, the court has conducted a *de novo* review of the Magistrate Judge's Recommendation, including reading the transcript of the evidentiary hearing; considering all exhibits before the court; and fully considering the objections of the Defendant. *See Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 513 (11th Cir. 1990).

A district court judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). "Credibility findings of a magistrate judge, 'who personally observed and listened to the testimony of live

witnesses, may be accepted unless the district judge, in his de novo review, finds reason to question the magistrate's assessment of the evidence.'" *U.S. v. Jennings,* 491 F. Supp. 2d 1072, 1075 (M.D. Ala. 2007) (quoting *Blizzard v. Quillen*, 579 F.Supp. 1446, 1449 (D. Del.1984)). *De novo* review does not require a new hearing of witness testimony, but it does require independent consideration of factual issues based on the record. *Jeffrey S.*, 896 F.2d at 513. If the magistrate judge makes findings based on the testimony of witnesses, the district court is obliged to review the transcript or listen to a tape-recording of the proceedings. *Id.*

After reviewing the record and reading the transcript of the evidentiary hearing, the court makes an independent factual determination and finds no reason to question the Magistrate Judge's credibility assessments.

The Defendants have set forth some objections to the findings of fact in the Report and Recommendation. The Defendants' objections are twofold. First, they raise an objection as to the feasibility of Officer Dunn, Sergeant Byrd, and Officer Ogletree smelling a faint odor of marijuana coming from the Defendants' truck. Second, they raise an objection as to whether their truck's licence plate was actually obstructed in any way and whether Sergeant Byrd and Officer Ogletree actually observed the truck speeding. These objections can be easily reclassified as objections to the Magistrate Judge's credibility finding as to Officer Dunn, Sergeant Byrd, and Officer Ogletree. After considering the transcript from the hearing, the court finds no reason not to credit the testimony of three different law enforcement officers as to the smell of the marijuana coming from the car. Moreover, the court has no reason to believe that Sergeant Byrd and Officer Ogletree provided false testimony at the hearing concerning the traffic code violations at issue. The court has read the transcript, and despite the efforts of the defense attorneys to create

controversy as to the three officers' testimony during the hearing, it is clear, especially in light of the testimony concerning the canine's search of the truck, that each of the officers' testimony was credible as to the issues raised by the Defendants. As such, the court need not hold another hearing in order to rule on the Defendants' objections. *See United States v. Veteto*, 701 F.2d 136, 140 (11th Cir. 1983) (stating "If the district court concurs with the magistrate's recommendation, it need not hold another evidentiary hearing, even where the credibility of certain witnesses might be an important factor in making the determination."), *cert. denied*, *Wescott v. U.S.*, 463 U.S. 1212 (1983); *United States v. Cofield*, 272 F.3d 1303 (11th Cir. 2001) ("a district court is not required to rehear witness testimony when accepting a magistrate judge's credibility findings.").

Defendant's legal objections concern the subjective intent of Sergeant Byrd and Officer Ogletree before making the traffic stop, the duration of the traffic stop at issue, and also the effect of receiving a report from the government after the hearing conducted by the Magistrate Judge. The Defendants argue that the only explanation for why Sergeant Byrd and Officer Ogletree conducted the traffic stop at issue is that the Defendants' vehicle matched the description of a vehicle, which allegedly contained drugs, that the officers had received from a confidential informant. However, it is clear that "an officer's motive in making the traffic stop does not invalidate what is otherwise 'objectively justifiable behavior under the Fourth Amendment.'" *U.S. v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (quoting *Whren v. United States*, 517 U.S. 806, 812 (1996)). Moreover, it is clear from the record that the evidence supports the Magistrate Judge's finding that the officers had probable case to stop the Defendants' truck. *See United States v. Monzon-Gomez*, 244 F. App'x 954, 959 (11th Cir. 2007) (explaining that "speeding is a

traffic violation that may properly justify a traffic stop" and that "the Fourth Amendment does not require the use of radar detection to establish probable cause to believe a motorist is speeding").

The court also agrees that the facts as found by the Magistrate Judge support the conclusion that the duration of the stop was not unreasonable under the Fourth Amendment. *See United States v. Hardy*, 855 F.2d 753, 761 (11th Cir. 1988) (finding that a stop which lasted approximately fifty minutes was not unreasonable in light of the facts of that case which included a canine sniff search of the suspect's automobile).

Lastly, after considering the report which the Defendants allege was kept from them before the hearing on this matter, the court finds that the report is not relevant to the inquiry of whether the officers' actions violated any of the Defendants' constitutional rights during the traffic stop.

Accordingly, the court agrees with the Report and Recommendation of the Magistrate Judge that the Motions to Suppress is due to be DENIED.

It is hereby ORDERED as follows:

1. The Objections are OVERRULED.

2. The court ADOPTS the Recommendation of the Magistrate Judge.

3. Defendants' Motion to Suppress is DENIED.

DONE this 27th day of July, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE